IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACQUELINE KENNERLY,

    Plaintiff,

        vs.                                           No. 1:24-CV-00667-KG-KK

MUTUAL OF OMAHA,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND

**THIS MATTER** is before the Court on Plaintiff Jacqueline Kennerly's Motion to Amend the Complaint and Add Third Party Plaintiff, (**Doc. 34**), filed on January 14, 2025. Defendant Mutual of Omaha filed its Response, (**Doc. 37**), on January 28, 2025. Plaintiff did not file a Reply but requested a hearing on the Motion. (**Doc. 39**). Having reviewed the parties' briefing and the relevant case law, the Court concludes a hearing on Plaintiff's Motion to Amend is unnecessary and **GRANTS** the motion, (**Doc. 34**), **in part** and **DENIES** it **in part**.

## BACKGROUND

This case arises out of Defendant Mutual Omaha's denial of benefits under Stewart Whitley's Accidental Death Insurance Policy ("Policy") after Stewart Whitley, who was suffering from cancer, died after he tripped and fell. (**Doc. 1-1**) **at 1–2, ¶¶ 1–16**. Plaintiff Kennerly is the daughter of Stewart Whitley. (**Doc. 37**) **at 1**. Following Defendant denying Plaintiff Kennerly coverage under the Policy, Plaintiff filed the instant action in the New Mexico's Thirteenth Judicial District, alleging claims for breach of contract, breach of the covenant of good faith and

1

fair dealing, and unfair trade practices.  (**Doc. 1-1**) **at 2–3**, **¶¶ 18–34**.  Defendant subsequently removed the action to federal court pursuant to 28 U.S.C. § 1332.  (**Doc. 1**).

On August 20, 2024, the magistrate judge, the Honorable Kirtan Khalsa, set a September 19, 2024, deadline for Plaintiff Kennerly to amend the pleadings or join additional parties pursuant to Fed. R. Civ. P. 15(a)(2).  (**Doc. 12**) **at 1**.  On December 20, 2024, Judge Khalsa held a status conference after Plaintiff Kennerly's counsel failed to appear at a scheduled settlement conference.  (**Docs.  20, 30**)

At the status conference, Defendant informed the Court that non-party Brandon Whitley was the primary beneficiary of the Policy and argued Plaintiff Kennerly lacked standing to bring her claims because she was not an intended beneficiary.  (**Doc. 37**) **at 2**.  In response, Plaintiff Kennerly's counsel stated: (1) he had reason to believe Stewart Whitley's signature on the beneficiary designation was forged and intended to retain a handwriting expert; (2) he was in contact with and represented Brandon Whitley; and (3) he intended to seek leave to amend Plaintiff Kennerly's complaint to add Brandon Whitley as a party.  *Id.*  Based on this representation, Judge Khalsa extended the deadline for Plaintiff Kennerly to amend her complaint from September 19, 2024, to December 31, 2024.  (**Doc. 30 at 1**).  Plaintiff did not file a motion to amend by the deadline; instead, she filed a motion to amend on January 14, 2025—two weeks after the December 31, 2024, deadline.  (**Doc. 34**).

## DISCUSSION

In her Motion to Amend, Plaintiff seeks leave to supplement her existing claims and add a new claim for fraud against Defendant.  (**Doc. 34-1**) **at 4–8**.  Plaintiff also seeks leave to amend her Complaint to join her brother, Brandon Whitley, as a plaintiff.  (**Doc. 34**) **at 1**; (**Doc. 34-1**) **at 1.**

"The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)). "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted). To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence. *Martley v. City of Basehor, Kansas*, 2021 WL 1210013, at *12 (D. Kan.)

**A. Plaintiff's request to supplement existing claims with new facts:**

Plaintiff Kennerly's Proposed Complaint adds new facts under her claims for breach of contract, breach of the good faith and fair dealing, and unfair trade practices regarding Defendant failing to (1) identify the named beneficiaries of the Policy, (2) provide the entirety of the Policy to the named beneficiaries, (3) communicate with the named beneficiaries of the Policy, and (4) assist the beneficiaries in the claims process. *Compare* (**Doc. 34-1**) **at 4–7**, *with* (**Doc. 1-1**) **at 2–4**.

To justify supplementing her existing claims after the December 31 deadline, Plaintiff Kennerly contends her untimely Motion to Amend is the result of excusable neglect, caused entirely by Defendant's conduct—namely, Defendant's failure to fully disclose the Policy and identify its primary beneficiary. **(Doc. 34) at 2–3.**

In its Response, Defendant argues the new facts Plaintiff Kennerly seeks to supplement her existing claims with were known or readily ascertainable by November 15, 2024, and asserts

3

Plaintiff Kennerly has not demonstrated good cause or excusable neglect to justify granting the untimely Motion to Amend. (**Doc. 37**) **at 3**.

The Court agrees with Defendant that Plaintiff Kennerly was aware of the facts she now seeks to add to her existing claims no later than November 15, 2024. Nonetheless, whether to grant leave to amend rests within the sound discretion of the trial court. Although Plaintiff Kennerly's Motion to Amend is untimely, the Court will allow her to supplement her existing claims with additional factual allegations, as the proposed amendments present plausible new theories of breach of contract, breach of the covenant of good faith and fair dealing, and unfair trade practices. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (explaining that district courts should allow plaintiff to amend complaint when doing so would yield meritorious claim). For example, Plaintiff Kennerly alleges Defendant failed to notify beneficiaries under the Policy. (**Doc. 34-1**) **at 4**. If true, such an allegation states a plausible breach of contract claim because the Policy states, "when we receive notice of an accidental death, we will contact you or your *beneficiary* and explain what additional information we need to pay benefits." *Id.* **at 17**.

The Court also notes that Defendant was already on notice of Plaintiff Kennerly's intent to pursue the claims she seeks to supplement. Further, Defendant did not raise the issue—with either the Court or Plaintiff—regarding whether Plaintiff Kennerly is the primary beneficiary under the Policy until November 2024.

While the Court is exercising discretion to allow Plaintiff to supplement her existing claims with new factual allegations, it emphasizes that it does not take the untimeliness of her Motion to Amend lightly. Deadlines must be respected, and the Court will not be as

accommodating in the future.  The Court cautions Plaintiff Kennerly's counsel to be diligent in adhering to all applicable deadlines moving forward.

### B.  Plaintiff's request to add a new claim for fraud:

Plaintiff also seeks leave to amend her complaint to assert a new fraud claim against Defendant.  (**Doc. 34-1**) **at 7–8**.  However, the Court will deny such a request because Plaintiff's proposed fraud claim is futile.  *See Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (explaining that courts may deny motion to amend where amendment would be futile).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

To assert a claim for fraud, a plaintiff must satisfy the following elements: "(a) a misrepresentation of fact, (b) known by the maker to be false, (c) made with intent to deceive and to induce the other party to act in reliance, and (d) *actually relied on by the other party to his or her detriment*." *Lotspeich v. Golden Oil Co.*, 1998-NMCA-101, ¶ 9 (emphasis added).

In her Proposed Amended Complaint, Plaintiff Kennerly alleges the Application for Accidental Death Insurance ("Application"), executed on February 11, 2022, and establishing Brandon D. Whitley as the primary beneficiary and Jacqueline Kennerly as the contingent beneficiary, is fraudulent.  (**Doc. 34-1**) **at 7–8**.  Plaintiff Kennerly further asserts the Application was intended to further Defendants "delay, deny, and defend policy" despite having promised to pay and assuming all risks associated with the accidental death of David Whitley.  *Id.* **at 8**.  Plaintiff further contends the Application is fraudulent because Defendant's own records show the Policy was never updated to reflect the Application, and Defendant cannot produce the decedent's DocuSign signature.  *Id.*

Here, the Court agrees with Defendant that such a claim would be subject to dismissal because Plaintiff's allegations, taken as true, do not establish how Plaintiff Kennerly actually relied on the purported fraudulent document. Indeed, Plaintiff only alleges the document is fraudulent as evidence by the incorrect date of birth, lack of records reflecting the Application or any change of beneficiary, and lack of a DocuSign signature, not that she in any way detrimentally relied on the document. *Id.* Because Plaintiff's proposed fraud claim fails to establish a necessary element, it would be subject to dismissal and is therefore futile. Therefore, the Court denies Plaintiff leave to amend, as the claim is futile.

**C. Plaintiff's request to join Brandon Whitley as a plaintiff:**

Here, joinder of Brandon Whitley is proper under both Fed. R. Civ. P. 15 and 20. Under Rule 15, joinder is proper because Defendant explicitly stated in its Response, (**Doc. 37**) **at 5**, how it does not oppose Brandon Whitley's joinder. *See* Rule 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent . . .").

Joinder is also proper under Rule 20. Under Rule 20(a)(1), persons may join in one action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Here, the Application, forged or not, identifies Brandon Whitley as the primary beneficiary of the Policy and Plaintiff Kennerly as the contingent beneficiary. (**Doc. 37-2**) **at 1**. Thus, Brandon Whitley has a right to relief either jointly or in the alternative[1] arising out of the

---

[1] If the Application is forged, then Plaintiff Kennerly may be a beneficiary under the Policy. On the other hand, if the Application is not forged, Plaintiff Whitley is the primary beneficiary under the Policy.

same transaction— specifically, the Policy—as Plaintiff Kennerly.  The claims also involve common questions of law and fact, such as whether Stewart Whitley's death was accidental. Thus, Brandon Whitley may be joined as a plaintiff under Rule 20.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff Kennerly's request to amend the Complaint to add a new claim for fraud against Defendant.  However, the Court grants her request to amend the Complaint to supplement her existing claims with new factual allegations and add Brandon Whitley as a plaintiff.  As a result, Plaintiff's Motion to Amend the Complaint is **GRANTED in part** and **DENIED in part**, (**Doc. 34**).  Further, Plaintiff seeks a 90-day extension on all deadlines.  *Id.* **at 3**.  Plaintiff Kennerly is instructed to raise this question with Judge Khalsa, who will decide whether an extension should be granted and, if so, for how long. **IT IS SO ORDERED.**

/s/ KENNETH J. GONZALES[2]<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.