IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACQUELINE KENNERLY,

Plaintiff,

v. No. 1:24-cv-00667-KG-KRS

MUTUAL OF OMAHA,

Defendant,

*and*

BRANDON WHITLEY,

Third-Party Plaintiff,

v.

MUTUAL OF OMAHA,

Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Third-Party Plaintiff Brandon Whitley's Motion to Defer or Deny, Doc. 90. The Court denies the motion for the reasons below.

Stewart Whitley died on May 9, 2023, and at the time of his death held an accidental death insurance policy issued by Defendant Mutual of Omaha. Doc. 1-1 at 2. Plaintiff Jacqueline Kennerly, Stewart Whitley's daughter, alleges that Defendant wrongfully withheld payment under the policy and brings claims for breach of contract, breach of the covenant of good faith and fair dealing, and violation of the New Mexico Unfair Trade Practices Act. Doc. 1-1 at 1, 3; Doc. 37 at 1.

The Court granted Plaintiff Kennerly's motion to add her brother, Brandon Whitley, to the litigation, as a potential beneficiary of Defendant's policy. Doc. 34 at 2; *see also* Docs. 51

at 2, 75 at 1. Plaintiff Whitley's Amended Complaint asserts a single claim for breach of contract based on Defendant's alleged failure to pay him benefits owed under the policy. Doc. 75 at 2. The Amended Complaint also includes documents revealing that he is the policy's primary beneficiary, and that Plaintiff Kennerly is only the contingent beneficiary. *Id.*

On December 16, 2025, Plaintiff Whitley moved to compel discovery responses from Defendant. *See* Doc. 83. Specifically, he sought discovery on Defendant's claim-handling practices, internal recognition of his status as primary beneficiary, communications with Plaintiff Kennerly (including any settlement offers), communications with experts, and related interrogatory answers. *Id.* at 5.

Shortly thereafter, Defendant moved for summary judgment. *See* Doc. 84. Plaintiff Whitley filed the present motion under Federal Rule of Civil Procedure 56(d) to defer his response in light of his pending motion to compel. Doc. 90 at 1. He argues that "core categories of discovery" remain in dispute and that he cannot "fully oppose a complex insurance summary judgment motion" without them. *Id.* at 4–5. Plaintiff Whitley also filed a declaration supporting the motion, Doc. 91. Defendant opposes the motion. Doc. 94 at 5–6.

On July 31, 2026, Magistrate Judge Kirtan Khalsa denied Plaintiff Whitley's motion to compel, finding it untimely, deficient under Rule 37(a)(1)'s meet-and-confer requirement, and unpersuasive on the merits. Doc. 97 at 6, 9, 12.

The decision whether to grant a Rule 56(d) motion lies within the Court's discretion. *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553–54 (10th Cir. 1993). If a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer considering the motion, deny it, allow additional time for discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d). The non-movant

bears the burden of showing that additional discovery is necessary. *Martin v. City of Santa Fe*, 626 Fed. Appx 736, 740 (10th Cir. 2015). To satisfy Rule 56(d), a declarant must (1) identify the probable facts not available, (2) explain why those facts cannot currently be presented, (3) describe the steps taken to obtain them, and (4) show how additional time will enable him to obtain those facts and rebut summary judgment. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010).

Under these principles, the Court declines to defer Plaintiff Whitley's response. Plaintiff Whitley is not entitled to compel the discovery on which his Rule 56(d) Motion is premised, and he identifies no other basis for relief. His Rule 56(d) Motion therefore fails as well. *See Escano v. RCI, LLC*, 2024 WL 943959, at *7 (D.N.M.) (rejecting Rule 56(d) motion that "hinge[d] on a favorable outcome as to his other discovery motions" because the court had denied those motions). Plaintiff Whitley shall respond to Defendant's Motion for Summary Judgment, Doc. 84, within 14 days of entry of this Order.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.